|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>INSURANCE SERVICES OFFICE, INC., *et al*.,<br><br>    Defendants. | Case No. 2:19-cv-01892-APG-EJY<br><br>**ORDER** |

Plaintiff Jane Doe is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 1. Plaintiff also attached a Complaint to her *in forma pauperis* application. ECF No. 1-1.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Therefore, the Court grants Plaintiff's request to proceed *in forma pauperis*.

**II.    FACTUAL BACKGROUND**

Although the Court does not screen Plaintiff's claims today, it may prove helpful to read the following excerpt from Plaintiff's Complaint to ascertain her version of the underlying events:

> Plaintiff was in an accident while working her delivery job in January 2019. She had a van that was paid for [and] in great mechanical shape . . . . She was . . . on her way to pick up a customer[']s order and was going straight with no duty to yield and the at fault party who did have a duty to yield failed to do so. Plaintiff[']s van was totaled out less her deductible because Geico put Plaintiff under heavy investigation because ISO [Insurance Services Office, Inc.] said they should and refused to pay and still does[]. Plaintiff had to get an expensive rental car and take a car note which is very expensive out on another car. Geico eventually was sued by Plaintiff[']s insurer Nevada Direct and agreed to pay them for the cost of the van and Plaintiff[']s deductible but conveniently claimed it was still not an acceptance of liability. Plaintiff and her kids and husband who were all in the car found an attorney. The attorney heard [their] case and talked with [them] and signed [them] up. Then Geico learned of [them] being represented and went to the attorney[']s office accusing Plaintiff of fraud and [threatening] a criminal investigation. Gail [a Geico representative] . . . said Plaintiff would be arrested soon. . . . The attorney[s]

1

> called Plaintiff and said they would no longer represent Plaintiff because of Geico[']s statement about Plaintiff. Geico got the information from ISO and agreed with them. . . . Geico even told Plaintiff's law[]yer at the time that a prior accident in October with a Geico insurer was the exact same accident, in the same place, with the same exact people and even that the damage on the van was exactly the same which is a fabricated lie that Geico came up with in conjunction with ISO.

ECF No. 1-1 at 8. Plaintiff now brings defamation and defamation per se claims as to Defendant ISO (ECF No. 1-1 at 7); defamation and defamation per se claims as to Defendant Geico (*id*. at 8); civil conspiracy claims as to ISO and Geico (*id*. at 9); intentional infliction of emotional distress ("IIED") claims as to ISO and Geico (*id*. at 9–10); and, an intentional interference with contractual relations claim as to Geico (*id*. at 10).

### III. JURISDICTION

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

With respect to citizenship of the parties, 28 U.S.C. § 1332(c)(1)(A)–(C) clarifies that:

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen; every State and foreign state by which the insurer has been incorporated; and the State or foreign state where the insurer has its principal place of business.

Here, Plaintiff's Complaint states that she is a citizen of Nevada (ECF No. 1-1 at 3); ISO is incorporated in Delaware and has its principal place of business in New Jersey (*id*. at 4); and, Geico is incorporated in Maryland and has its principal place of business in Maryland (*id*. at 5).[1] Moreover,

---

[1] An Internet search confirms ISO is incorporated in Delaware (STATE OF DELAWARE, DEPARTMENT OF STATE: DIVISION OF CORPORATIONS, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last visited Dec. 9, 2019)) and has its principal place of business in New Jersey (CONTACT VERISK, https://www.verisk.com/contact-verisk/ (last visited Dec. 20, 2019)), and GEICO is incorporated in Maryland (GEICO INSURANCE AGENCY, INC., WHO WE ARE, https://www.geico.com/about/corporate/geico-insurance-agency/ (last visited Dec. 9, 2019)) and has its principal place of business in Maryland (*id*.).

Plaintiff's suit does not constitute a "direct action" against the insurer of a policy or contract of liability insurance:

> [C]ourts have uniformly determined that a direct action exists only where a third-party tort victim forgoes suing the tortfeasor in favor of instead suing the tortfeasor's liability insurer directly. . . . Thus, unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.

*Weast v. Travelers Cas. and Sur. Co.*, 7 F.Supp.2d 1129, 1132 (D. Nev. 1998) (internal citations and quotation marks omitted). Plaintiff's defamation per quod and per se, civil conspiracy, IIED, and intentional interference with contractual relations claims all arise out of Defendants ISO and Geico's actions, not in response to the tortious conduct of the allegedly at-fault party involved in the January 2019 car accident. Because Plaintiff cannot assert her claims against the insured, her claims are not direct actions. Therefore, the Defendant insurers are deemed citizens only of every state by which they are incorporated and/or have their principal place of business. Accordingly, there is complete diversity among the parties.

"To support removal based on diversity jurisdiction, [Plaintiff] has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002) (internal citation omitted). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (internal citations omitted).

It is unclear whether the present action meets the amount in controversy requirement. Plaintiff requests punitive damages of: "$2 million from ISO"; "$500,000 from GEICO'; "$500,000 from ISO"; and, "$100,000 from GEICO," but provides no factual basis to support these requested amounts.[2] ECF No. 1-1 at 6. Instead, Plaintiff writes that the amount in controversy is more than $75,000 because "Defendants['] conduct is severe and repugnant." *Id*. at 4. However, this is statement alone is insufficient to establish that an award in Plaintiff's favor is more likely than not

---

[2] Plaintiff does not specify whether the "$2 million from ISO" and "$500,000 from GEICO" in requested punitive damages includes the "$500,000 from ISO" and the "$100,000 from GEICO" she asks for later on the same page. ECF No. 1-1 at 6.

3

to meet the "amount in controversy" requirement of diversity jurisdiction. *McCaa v. Massachusetts Mutual Life Insurance Company,* 330 F.Supp.2d 1143, 1149 (D. Nev. 2004); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992). Further, while Plaintiff also requests injunctive relief (ECF No. 1-1 at 12), Plaintiff fails to provide any factual basis with respect to the "value of the object of the litigation." *Hunt*, 432 U.S. at 347.

Accordingly, because it is uncertain whether Plaintiff has met the jurisdictional requirement, the Court will dismiss Plaintiff's claim without prejudice with leave to amend.

**IV.　ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." Plaintiff must plead a sufficient factual basis upon which the Court may evaluate whether amount in controversy requirement is satisfied. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendants fair notice of the Plaintiff's claims against it, Plaintiff's entitlement to relief, and that jurisdictional requirements are met.

Additionally, Plaintiff is advised that if she files an amended complaint, the original Complaint (ECF No. 1-1) no longer serves any function in this case. As such, the Amended Complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's Amended Complaint complete.

DATED THIS 30th day of December, 2019.

_____
ELAYNA J. YOUCHAH
United States Magistrate Judge