UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>INSURANCE SERVICES OFFICE, INC., *et al.*,<br><br>    Defendants. | Case No. 2:19-cv-01892-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  Failure to Comply with Court's December 30, 2019 Order (ECF No. 3) |

This matter is before the Court on Plaintiff's failure to comply with the Court's December 30, 2019 Order (ECF No. 3). On December 30, 2019, this Court granted Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1), and dismissed Plaintiff's Complaint (ECF No. 1-1) without prejudice with leave to amend. Specifically, the Court found it was:

> unclear whether the present action meets the amount in controversy requirement. Plaintiff requests punitive damages . . . but provides no factual basis to support these requested amounts. ECF No. 1-1 at 6. Instead, Plaintiff writes that the amount in controversy is more than $75,000 because "Defendants['] conduct is severe and repugnant." *Id*. at 4. However, this is statement alone is insufficient to establish that an award in Plaintiff's favor is more likely than not to meet the "amount in controversy" requirement of diversity jurisdiction. *McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F.Supp.2d 1143, 1149 (D. Nev. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Further, while Plaintiff also requests injunctive relief (ECF No. 1-1 at 12), Plaintiff fails to provide any factual basis with respect to the "value of the object of the litigation." *Hunt*, 432 U.S. at 347.

ECF No. 3 at 3:20–4:5 (footnote omitted). In light of the above, this Court gave Plaintiff thirty days from the date of issuance of its Order to file an amended complaint, and warned Plaintiff that a "[f]ailure to comply with this Order may result in a recommendation that this action be dismissed." *Id*. at 4:12–14.

To date, Plaintiff has not submitted an amended complaint, requested an extension of time, or taken any other action to prosecute this case.

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's action, docketed as 2:19-cv-01892-APG-EJY, be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that the Clerk of the Court be instructed to close this case and enter judgment accordingly.

DATED: February 3, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).